PHILIP GAUDIOSI, PLAINTIFF-RESPONDENT, v. ANTHONY S. MICONE AND EDWARD M. LEAHY, DEFENDANTS.

Submitted January 27, 1928—Decided May 1, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the plaintiff-respondent, *Jacob Lipman.*

For the defendants, *Sorg, Duncan & Bailey.*

PER CURIAM.

Plaintiff's theory of the case as indicated in the state of demand, was that the defendant Leahy, as sergeant-at-arms of the East Orange District Court, had wrongfully levied on rents of a parcel of real estate owned by the plaintiff, and that this was done at the instance of defendant Micone, the plaintiff in execution in the East Orange court. At the trial an amendment was suggested and allowed by the court. We have been unable to find the amendment itself in the printed book, but appellant states in his brief that by it the action was changed to one for money had and received. We may say at this time that the claim of error in permitting this amendment is without merit, as the facts of the case were fully understood on both sides and no surprise was possible.

The court absolved Leahy, the sergeant-at-arms, and awarded judgment against Micone, who appeals.

The material facts are as follows: On February 8th, 1927, plaintiff, Gaudiosi, acquired by deed legal title to the real estate mentioned; he did not place his deed on record until June 16th, 1927. In the meantime, on March 16th, one Carrera undertook to make a written lease in his own name to a tenant named La Fera, of part of the property, acting, as he testified, as agent for plaintiff, Gaudiosi, but without telling Gaudiosi what he had done. Carrera collected (and, as he says, paid Gaudiosi) the La Fera rents up to the point where the defendant Micone recovered judgment in the East Orange District Court against Carrera, discovered the existence of the lease in Carrera's name as landlord, levied on the rent under the act of 1915, page 182, and on July 7th took out an order requiring La Fera to pay rents subsequently accruing, to the sergeant-at-arms to be applied to Micone's judgment. This seems to have been done, and the present suit is for the rent of August, September and October, 1927, collected by Micone through the sergeant-at-arms as the property of Carrera. The case is substantially that of the real owner of chattels wrongfully levied upon and converted as the property of another, suing the sheriff and plaintiff in execution for such conversation.

There are only three grounds of appeal. The second, relating to the allowance of an amendment, we have already disposed of. The first is that the court erred in giving judgment for the plaintiff; the third, that the court "erred in reviewing orders of the District Court of the city of East Orange, and in nullifying the orders of said court." We see no merit in either of them. As to the third, the orders were *res inter alios actae,* to which plaintiff was not a party and by which he was in nowise bound. They were predicated on the assumed ownership of Carrera, and amounted to no more than the merely formal procedure required to make effective a levy on rights and credits, not the subject of manucaption like a tangible chattel. We repeat, that in all essentials this is the case of the real owner of a chattel holding the sheriff and an execution creditor of another for a wrongful levy; as, for example, in *Harris* v. *Krause,* 60 *N.*

*J. L.* 72. In fact, an action of this kind (apart from the statutory claim of property, if applicable to rights and credits, which we do not decide) is the only adequate remedy, as the plaintiff in this action could not properly intervene in the suit against Carrera. *Murphy* v. *Borden,* 49 *Id.* 527.

These considerations dispose also of the first ground of appeal, which is general in character.

The judgment will be affirmed.